

# NUMBER 13-11-00731-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE OVIDIO GARCIA JR. AND EUSTORGIO GUZMAN RESENDEZ

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion Per Curiam[1]

Relators, Ovidio Garcia Jr. and Eustorgio Guzman Resendez, pro se, filed a petition for writ of mandamus in the above cause on November 21, 2011. Relators allege that the trial court has failed to timely rule on a pending motion to compel issuance of citation. We strike the petition for writ of mandamus in part and deny the petition for writ of mandamus in part.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I.

As an initial matter, we note that the petition was filed by Ovidio Garcia, Jr., who is not an attorney and is appearing pro se. Accordingly, Garcia may not seek relief on behalf of Resendez. *See, e.g.*, TEX. GOV'T CODE ANN. § 81.101-.102 (West 2005) (defining unauthorized practice of law); TEX. PEN. CODE ANN. § 38.123 (West 2003) (explaining that the unauthorized practice of law is a Class A misdemeanor); *Crain v. The Unauthorized Practice of Law Comm. of the Sup.Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters). We strike the petition for writ of mandamus insofar as it purports to raise claims for Resendez. We now turn to the petition for writ of mandamus as it pertains to Garcia.

## II.

To be entitled to mandamus relief, Garcia must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If Garcia fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is Garcia's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, Garcia must

2

include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. Garcia must furnish an appendix or record sufficient to support the claim for mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); s*ee* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The consideration of a motion that is properly filed and before the court is a ministerial act. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Blakeney*, 254 S.W.3d 659, 663 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The determination regarding what constitutes a reasonable period of time to rule on a motion is dependent upon several factors, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Blakeney*, 254 S.W.3d at 661; *Ex parte Bates*, 65 S.W.3d 133 (Tex.

3

App.—Amarillo 2001, orig. proceeding).

To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228.

In the instant case, Garcia has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210.

### III.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the petition for writ of mandamus should be struck in part and denied in part. Accordingly, the petition is struck, in part, insofar as it purports to raise claims on behalf of Resendez, and denied, in part, insofar as it raises claims on behalf of Garcia. *See* TEX. R. APP. P. 52.8.

PER CURIAM

Delivered and filed the
22nd day of November, 2011.

4