# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00780-CV

**In re Randall B. Millslagle**

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator, Randall B. Millslagle, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52.1. In his petition, which relates to DNA testing under Chapter 64 of the Texas Code of Criminal Procedure,[1] Millslagle asks us to issue a writ of mandamus against "the trial official and the clerk's office."

By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. The Hays County District Clerk is not a party against whom we may issue a writ of mandamus unless necessary to enforce our jurisdiction. Millslagle fails to state in his petition what ministerial duty the district clerk has failed to perform or indicate what action he seeks from the district clerk. Nor has he demonstrated that the

---

[1] Millslagle was convicted of two counts of indecency with a child by sexual contact and one count of aggravated sexual assault of a child out of Hays County. His convictions were affirmed by this Court in 2004. *See Millslagle v. State*, 150 S.W.3d 781, 785 (Tex. App.—Austin 2004, pet. dism'd).

exercise of our writ power is necessary to enforce our jurisdiction. We have no jurisdiction to grant Millslagle any relief against the district clerk.

In his petition, Millslagle asks us to order the trial court to "enter an order in writing in the matters of [his] post-conviction motion for DNA testing." He claims that he filed both a motion requesting appointed counsel under article 64.01(c) of the Texas Code of Criminal Procedure and a motion for DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01, 64.03 (West Supp. 2012). It is unclear whether Millslagle is asking us to compel the trial court to grant one or both motions, or to simply rule on one or both of them. Millslagle has provided a copy of a document entitled *Motion for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure*. This motion, however, is not file-marked. Millslagle does not provide a file-marked copy (or a copy not file-marked) of a motion requesting DNA testing.[2] Also included with the petition is a copy of a document entitled *Prematurely Filed Notice of Appeal* which purports to give notice of any future denial of his request for appointment of counsel.[3] Millslagle has also provided copies of letters purportedly sent to the trial judge asking for the appointment of counsel and a ruling on his motion for DNA testing, as well as copies of letters he says he sent to the District Attorney. None of these letters are file-marked or post-marked.

---

[2] We note that in the appeal of his convictions, Millslagle raised ten points of error relating to the trial court's failure to suppress his written confession. *See Millslagle*, 150 S.W.3d at 782–84. Consequently, we fail to discern how identity was or is an issue in this case. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (West Supp. 2012) (providing requirement that trial court must find that "identity was or is an issue in the case" before it may order DNA testing under Chapter 64).

[3] Aside from the fact that a party cannot give "premature" notice of appeal, an order denying appointed counsel under article 64.01(c) is not an immediately appealable order. *See Gutierrez v. State*, 307 S.W.3d 318, 319 (Tex. Crim. App. 2010)).

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Further, it is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, a relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

The documents Millslagle provides with his petition do not satisfy his burden. Because we do not have a file-marked copy of the motion for appointment of counsel or a copy of the motion for DNA testing at all, Millslagle has failed to demonstrate these motions were properly filed with the trial court and are currently pending before the court. Because the copies of the

subsequent letters are not file-marked (or post-marked), he has failed to show that the trial court was made aware of the motions and was asked to rule. Absent a showing that the trial court is aware of the motions, has been asked to rule on his request, and refused to do so, Millslagle has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Salazar*, No. 03-11-00550-CV, 2011 WL 4507296, at *1 (Tex. App.—Austin Sept. 30, 2011, orig. proceeding) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide sufficient record).

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: December 7, 2012

4