

NUMBER 13-13-00009-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

IN RE ENRIQUE AMAYA RAMIREZ JR.

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes**
**Memorandum Opinion by Justice Garza[1]**

Relator, Enrique Amaya Ramirez Jr., a pro se inmate, has filed a petition for writ of mandamus in which he argues that the presiding judge of the trial court abused relator's discretion, leaving him without an adequate appellate remedy, by failing to grant, or at least rule upon, his motion requesting shock probation. We will deny the petition.

It is relator's burden to properly request and show entitlement to mandamus

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions), 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Relator must furnish, *inter alia*, an appendix or record sufficient to support the claim for mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix), 52.7(a) (specifying the required contents for the record). Moreover, relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j).

To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

The Court is of the opinion that relator has not shown himself entitled to mandamus relief, for several reasons. First, relator has not provided the Court with a record or appendix showing that he filed the motion with the trial court or asked the trial court to rule on the motion. *See* TEX. R. APP. P. 52.7(a)(1); *In re Sarkissian*, 243 S.W.3d at 861. Second, even if we were to accept relator's allegations as true, relator has offered no legal authority or evidence showing that the alleged delay in ruling

constitutes an unreasonable period of time for the trial court to consider the motion. Third, even if we were to agree that relator is entitled to mandamus relief to compel the trial court to rule on his motion, we would not direct the trial court to rule on the motion in a certain way. *See In re Blakeney*, 254 S.W.3d at 661. Finally, relator cannot show an abuse of discretion because the decision whether to grant shock probation is committed to the discretion of the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2011).

Having reviewed and fully considered relator's petition, we conclude that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
10th day of January, 2013.