

# NUMBERS 13-13-00451-CR & 13-13-00452-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RANDY WAYNE WILLIAMS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Randy Wayne Williams, proceeding pro se, filed a petition for writ of mandamus in the above causes through which he contends that the trial court failed to issue a ruling on his motion to vacate judgment.[2]  We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator's petition for writ of mandamus concerns trial court cause numbers 85-CR-455-C and 85-CR-456-C in the 94th District Court of Nueces County, docketed respectively in appellate court cause numbers 13-13-00451-CR and 13-13-00452-CR.

## I. MOTION FOR LEAVE

Relator filed a "Motion for Leave" to file his petition for writ of mandamus. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 72.1. However, the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding in the intermediate appellate courts. *See generally* TEX. R. APP. P. 52 & cmt.; *see also In re Salahuddin*, No. 13-13-00135-CR, 2013 Tex. App. LEXIS 2403, at *2 (Tex. App.—Corpus Christi Mar. 11, 2013, orig. proceeding) (mem. op. per curiam) (not designated for publication). Accordingly, relator's motion for leave is dismissed as moot.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding).

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig.

proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661.

### III. ANALYSIS

Relator contends that he filed the motion to vacate in the trial court on or about March 15, 2013, however, the respondent failed to issue a ruling on the motion.

3

Appellant has included a copy of the motion that he allegedly filed, but the motion is not file-marked. Relator has failed to meet his burden to provide this Court with a sufficient record establishing his right to mandamus relief. The record before the Court fails to establish that: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d at 861; *In re Hearn*, 137 S.W.3d at 685; *In re Keeter*, 134 S.W.3d at 252. Moreover, relator has not established that the trial court received, was aware of, and was asked to rule on the motion. *See In re Blakeney*, 254 S.W.3d at 661.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established his entitlement to the relief sought. Accordingly, the petition for writ of mandamus in these causes is DENIED. All further and other relief sought herein is likewise DENIED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of September, 2013.

4