

# NUMBER 13-13-00467-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOSE LUIS AGUILAR

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Jose Luis Aguilar, proceeding pro se, filed a petition for writ of mandamus on August 23, 2013. Through this original proceeding, relator seeks to compel the trial court to conduct a hearing and rule on a motion for nunc pro tunc judgment which relator allegedly filed on or about March 25, 2013. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

# I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122. Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding).

## II. BURDEN OF PROOF

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

## III. ANALYSIS

As a preliminary matter, we first note that relator mistakenly denominated his petition for writ of mandamus as pertaining to the appellate cause number in which we considered relator's direct appeal. *See Aguilar v. State*, No.13-13-00467-CR, 2011 Tex. App. LEXIS 2351, at **1–6 (Tex. App.—Corpus Christi Mar. 31, 2011, pet. denied) (mem. op.) (not designated for publication) (affirming relator's conviction for one count of aggravated sexual assault of a child, a first-degree felony, and one count of

3

indecency with a child, a second-degree felony). Because this is an original proceeding, we instead consider the petition in this new and separate cause number.

Second, relator identified the Honorable Michael E. Welborn as the respondent in this original proceeding. However, the Honorable Michael E. Welborn was sworn into office as the District Attorney of the 36th Judicial District, which is comprised of Aransas and San Patricio Counties, on February 6, 2013. The Honorable Starr B. Bauer became the Presiding Judge of the 36th Judicial District by appointment on February 25, 2013. Relator alleges that he filed the motion for nunc pro tunc judgment at issue in this proceeding on or about March 25, 2013 and accordingly, Judge Bauer would be the respondent herein. *See* TEX. R. APP. P. 52.2.

Third, relator filed a motion for leave of court to file the petition for writ of mandamus. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the Texas Court of Criminal Appeals. *See id.* R. 72.1. However, the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding in the intermediate appellate courts. *See generally* TEX. R. APP. P. 52 & cmt.; *see also In re Salahuddin*, No. 13-13-00135-CR, 2013 Tex. App. LEXIS 2403, at *2 (Tex. App.—Corpus Christi Mar. 11, 2013, orig. proceeding) (mem. op. per curiam) (not designated for publication). Accordingly, relator's motion for leave is dismissed as moot.

Fourth, relator filed a declaration of indigency and a request to proceed as an indigent. Relator has supported his request by verification and supporting documentation. We grant this request.

4

Fifth, relator filed a "Special Notice to and Request of the Court" in which he requests that his pleadings be construed liberally because he is proceeding pro se, is not educated in the field of law, and has limited access to the prison law library. Given the applicable standard of review, we deny this request. *See Barnes*, 832 S.W.2d at 426.

Finally, we turn to the merits. Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator has not included with his petition for writ of mandamus any documentation showing that the motion for nunc pro tunc judgment was properly filed, that it had been pending for a reasonable time, that relator requested a hearing on the motion, and that the trial court refused to conduct a hearing and issue a written order on the motion. In the instant case, relator has not furnished an appendix or record sufficient to support his claim for relief. *See generally* TEX. R. APP. P. 52.3.

5

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of September, 2013.