

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00102-CV

_____

IN RE:  CORY PAUL ZIOLKOWSKI

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

On April 3, 2007, we affirmed Cory Paul Ziolkowski's conviction for the murder of James "Bucky" Ball. *See Ziolkowski v. State*, 223 S.W.3d 640 (Tex. App.—Texarkana 2007, pet. ref'd). On April 25, 2013, Ziolkowski filed with the trial court a motion for appointment of counsel to assist him in filing a post-conviction motion for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West. Supp. 2012). Ziolkowski's pro se petition for writ of mandamus complains of the trial court's failure to rule on his motion. Because the record supports Ziolkowski's right to a ruling on his motion for counsel, we conditionally grant his petition for writ of mandamus.

One seeking mandamus relief must establish both that he or she has no adequate remedy at law to redress the alleged harm and that the judicial action sought is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

To obtain mandamus relief for the trial court's failure to rule on a motion, a relator must establish that: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court has not ruled. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator must show that

the trial court received, was aware of, and was asked to rule on the motion. *Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). The record establishes that Ziolkowski has met these requirements.

On April 25, 2013, Ziolkowski filed a letter with the trial court appearing to attach three "enclosed motions": a motion for appointment of counsel, an affidavit of indigency, and a request and application for writ of habeas corpus. The trial court had notice of the application for writ of habeas corpus because the court ruled on that application August 30, 2013. This ruling suggested that the motion for appointment of counsel, which was attached to the same letter as the application for writ of habeas corpus, had indeed been filed and, presumably, brought to the knowledge of the trial court.

We requested a response from the trial court, and the trial court responded, in pertinent part:

> In addition to Relator's Petition for Writ of Mandamus, Respondent has reviewed the trial record and exhibits. While Respondent believes Relator is capable of representing himself, it will certainly abide by this Court's direction in the event it believes the appointment of counsel is necessary. Likewise, after reviewing the trial court record, which includes Relator's confession, while this Court is not opposed to granting DNA testing, Respondent is unable to find any basis for Relator's request for additional DNA or ballistics testing. While Respondent is currently of the opinion that additional testing, as currently requested, will not assist in absolving [Relator of guilt,] Respondent is not opposed to Relator's request for additional DNA or ballistics testing in the event this Court feels it is necessary or the Relator can point out what evidence needs to be tested and how that could potentially change the outcome.

The above response establishes that the trial court is aware of the motion for appointment of counsel, which had been pending for a reasonable time. The trial court's response seeks

3

direction from this Court as to whether it "feels" or "believes the appointment of counsel is necessary." The response relays the trial court's belief that "Relator is capable of representing himself," while stating it is "not opposed to granting DNA testing." We conclude that this response demonstrates the trial court's awareness of Ziolkowski's motion for appointment of counsel and its failure to rule on that motion, one way or the other.[1]

We conditionally grant the petition for writ of mandamus and instruct the trial court to rule on Ziolkowski's motion for appointment of counsel to assist him in filing a post-conviction motion for DNA testing.[2] The writ will issue only if the trial court fails to comply with this opinion within fourteen days.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 29, 2013
Date Decided:       October 30, 2013

---

[1] A "convicted person" is entitled to counsel during a proceeding under Texas Code of Criminal Procedure, Chapter 64 (Motion for Forensic DNA Testing), if the person informs the court that he or she wishes to submit a motion under Chapter 64, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). The record establishes that the first and last requirements were met. The trial court's response states, "Respondent is unable to find any basis for Relator's request for additional DNA or ballistics testing," while also stating it is "not opposed to granting DNA testing." This Court is not aware that any ruling has been made with respect to whether reasonable grounds for the motion for DNA test exist.

[2] We express no opinion on how the trial court should rule on the motion for appointment of counsel or on the underlying request for DNA testing. We direct only that the trial court rule on whether Ziolkowski should be appointed an attorney.