In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00018-CR
_____

IN RE DWAYNE ALLEN CLENNEY

Original Proceeding

**MEMORANDUM OPINION**

In his petition for writ of mandamus, Dwayne Allen Clenney asks that we compel the judge of the Criminal District Court of Jefferson County to consider and rule on his motion for nunc pro tunc. In his motion asking the trial court to issue judgments nunc pro tunc, Clenney suggested the judgments the trial court rendered in trial cause numbers 92761 and 91989 needed to be corrected so that his sentences in those cases are served together.[1] Clenney has not shown that he

[1]We assume, and the State agrees, that Clenney intended to file his petition for writ of mandamus—complaining of actions of the trial judge of the Criminal District Court of Jefferson County, Texas as opposed to the trial judge of the 252nd Judicial District Court of Jefferson County, Texas as identified in his petition—in the Criminal District Court, as both of his 2006 convictions were prosecuted in the Criminal District Court.

1

brought to the trial court's attention his motion. We deny Clenney's petition for writ of mandamus.

In his petition, Clenney claims that his sentences in cause numbers 92761 and 91989 were improperly stacked. After we requested that Clenney provide documents to support the claims relevant to his petition, Clenney provided the Court with the judgments of conviction, both of which were rendered by the Criminal District Court of Jefferson County, Texas. The judgments reflect that the trial court stacked Clenney's twenty-year sentence in trial cause number 91989 onto Clenney's twenty-year sentence in trial cause number 92761.

Additionally, Clenney provided this Court with a copy of the motion seeking to nunc the judgments that he claims he filed with the trial court. However, Clenney's motion is not file-stamped, and it does not contain a certificate of service. Additionally, the style of the motion indicates that Clenney intended to file the instrument in the 252nd Judicial District Court of Jefferson County, Texas, which is not the court that rendered the judgments that are at issue. Clenney also provided the Court with a copy of a "Motion to Compel the Court Coordinator to Docket the Motion for Nunc Pro Tunc." Clenney's motion to compel is not file-stamped, but his motion includes a certificate of service, which indicates that he served the motion on the assistant criminal district attorney. Unlike Clenney's

motion seeking the entry of judgments nunc pro tunc, the style of Clenney's motion to compel indicates that he expected that it would be filed in the Criminal District Court of Jefferson County, Texas.

It was apparent to us from the documents that Clenney filed that the Criminal District Court might be unaware that Clenney had filed a motion asking to correct the judgments in cause numbers 91989 and 92761. As a result, we requested that the State advise the Court of the status of the motions that Clenney claimed were pending in the Criminal District Court. In response, the State advised that the trial court's files did not contain Clenney's motion seeking judgments nunc pro tunc, nor did the trial court's files contain Clenney's motion to compel a hearing.

To be entitled to relief in a petition asking an appellate court to issue a writ of mandamus, the relator must establish: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). "'[C]onsideration of a motion properly filed and before the court is ministerial.'" *Id.* (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on reh'g)). To obtain mandamus relief for a trial court's failure or refusal to rule on a motion, a relator must show: (1) the motion was

properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). "This is so because a court cannot be faulted for doing nothing when it was not aware of the need to act." *In re Villarreal*, 96 S.W.3d at 710. It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In this case, Clenney must show that he brought his requests for relief sought in his motion for nunc pro tunc to the trial court's attention. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d at 710. Even assuming that Clenney mailed the motions to either the district clerk or the district attorney's office in Jefferson County, Texas, the filing of something with the district clerk or district

4

attorney's office does not mean the trial court was aware of it. Nor do we impute the clerk's or district attorney's office's knowledge to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Villarreal*, 96 S.W.3d at 710 n.2 ("Merely alleging that something was filed with or mailed to the district clerk is not enough."). "[W]e cannot simply assume that the district court knew of its duty to act and neglected to perform it." *In re Villarreal*, 96 S.W.3d at 710.

In his petition for writ of mandamus, Clenney has not adequately shown that he filed his motion to nunc the judgments at issue in the Criminal District Court, nor has he shown that he brought his motion to compel to the attention of the judge of the Criminal District Court. Therefore, based on information Clenney has provided with his petition, Clenney has failed to meet his burden to demonstrate that the district court abused its discretion by failing to act on his motion. *In re Sarkissian*, 243 S.W.3d at 861; *In re Hearn*, 137 S.W.3d at 685. We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on March 17, 2015
Opinion Delivered April 22, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.