# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00526-CV

### In re Patrick Lee Duncan

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Patrick Lee Duncan, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus asking this Court to compel the Honorable Clifford A. Brown, presiding judge of the 147th Judicial District Court of Travis County, to rule on his motion to enter a nunc pro tunc judgment modifying his 1990 judgment of conviction for murder because (1) he allegedly was not correctly admonished as to his exact place of confinement (the trial court orally pronounced that he would be incarcerated in the Texas Department of Corrections, not the Texas Department of Criminal Justice–Institutional Division, as the judgment reflects), (2) the judgment does not contain his right thumbprint, and (3) he allegedly was not admonished about the court costs of $82.50 and is indigent. See Tex. Gov't Code Ann. § 22.221; see also Tex. R. App. P. 52.1. We deny the petition.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.); *In re Hearn*,

137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661; see also Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix).

Duncan asserts in his petition that he filed his motion to enter judgment nunc pro tunc on June 15, 2015, with the Travis County District Clerk.[1] However, he has failed to provide this Court with a file-stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Consequently, there is no way for us to determine whether the

---

[1] In support of his petition for writ of mandamus, Duncan attached a document entitled "Motion to Enter Judgment Nunc Pro Tunc" as well as correspondence addressed to the court coordinator requesting that the motion be set for hearing and a document entitled "Motion to Compel," requesting that the court rule on his motion for judgment nunc pro tunc. However, none of these documents are file-marked by the district clerk.

motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. Even if we assume that the motion was properly filed, Duncan has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion. *See In re Hearn*, 137 S.W.3d at 685 (simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court). He has failed to provide any file-marked correspondence to the district court requesting a ruling on the motion or any other file-marked document that shows that he brought the motion to the attention of the trial court. *See In re Sarkissian*, 243 S.W.3d at 861 (mere filing of motion with trial court clerk does not constitute request that trial court rule on motion). Furthermore, Duncan has failed to provide anything indicating that the trial court has refused to rule on the motion or has failed to rule within a reasonable time.

Absent a showing that the trial court is aware of the motion, has been asked to rule on his request, and refused to do so, Duncan has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Lucio*, No. 03-12-00056, 2012 WL 593533, at *2 (Tex. App.—Austin Feb. 23, 2012, orig. proceeding) (mem. op.) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything indicating district court refused to rule on motion). Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

3

_____
                        Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed:   August 28, 2015

4