

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00003-CR

IN RE:  LEE VERT SMITH

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Lee Vert Smith[1] has petitioned this Court for a writ of mandamus, seeking to have our court compel a Bowie County district court to rule on his motion to withdraw the pleadings and exhibits he had previously filed in pursuit of forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. We deny his petition.

"To be entitled to mandamus relief, the relator must show . . . (1) that he has no adequate remedy at law and (2) that what he seeks to compel is a ministerial act." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial-act prerequisite is satisfied if the relator can show a clear right to the relief sought. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *Id*.

A trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op., not designated for publication). Thus, consideration of a request or motion that has been properly filed and brought before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish that "(1) the motion was properly filed and has been pending for a reasonable time;

---

[1] Smith was sentenced to twenty-five years' incarceration as the result of a plea bargain agreement pertaining to two charges of aggravated sexual assault of a child.

(2) the relator requested a ruling on the motion; and (3) the trial court refused to rule." *Sarkissian*, 243 S.W.3d at 861. Merely filing a motion or letter with the clerk does not impute knowledge to the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

The record before us fails to establish that Smith is entitled to the relief requested. Smith claims that on November 2, 2017, he filed a "Motion to Withdraw Pleadings and Exhibits," that he mailed it directly to the 5th Judicial District Court, and that the court has failed to rule on his motion within a reasonable time. While Smith's petition includes proof that he brought his motion to the trial court's attention, he has failed to present us with a file-stamped copy of the motion or other proof that his motion was actually filed with, or at least mailed to, the Bowie County District Clerk's Office. *See* TEX. R. APP. P. 52.7(a)(1) (relator must file with the mandamus petition a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding). Additionally, the record does not show that Smith's motion has awaited disposition for an unreasonable time. *See In re Foster*, 503 S.W.3d 606, 606–07 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Blakeney*, 254 S.W.3d 659, 661–63 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134–36 (Tex. App.—Amarillo 2001, orig. proceeding).

3

Because Smith has not shown himself entitled to mandamus relief, we deny his petition.

Bailey C. Moseley
Justice

Date Submitted:     January 22, 2018
Date Decided:       January 23, 2018

Do Not Publish