

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00573-CV

**IN RE** Brandon **TORRES** and Ernesto Rivera, Jr.

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 24, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators, Brandon Torres and Ernesto Rivera, Jr., assert the trial court abused its discretion

by refusing to rule on their motion to dismiss pursuant to the Texas Tort Claims Act (the "TTCA").

We conclude relators are entitled to mandamus relief; therefore, we conditionally grant the petition

for writ of mandamus.

## BACKGROUND

In the underlying litigation, Alissa Garcia and Jose Reynaldo Mendez Garcia (collectively,

the "plaintiffs") sued the relators[2] for defamation, intentional infliction of emotional distress, and

malicious prosecution-abuse of process.  At the time of the alleged acts, relators were Jim Wells

---

[1] This proceeding arises out of Cause No. 17-05-57235-CV, styled *Alissa Garcia and Jose Reynaldo Mendez Garcia v. Brandon Torres, Ernesto Rivera, Jr., and Coalition Against Insurance Fraud*, pending in the County Court, Jim Wells County, Texas, the Honorable Michael Ventura Garcia presiding.

[2] Plaintiffs sued a third defendant who is not the subject of this mandamus proceeding.

County deputy sheriffs. Torres was Rivera's immediate supervisor at the Jim Wells County Sheriff's Department. Plaintiffs alleged Torres publicly released false information that Alissa had confessed she lied in her police report regarding a vehicle stolen from her. Plaintiffs alleged the false information indicated Alissa had reported her vehicle as stolen and she was arrested for insurance fraud and for filing a false police report. Plaintiffs also alleged Rivera made the same false statements. According to plaintiffs, Rivera, acting alone or with Torres, made the accusations to secure an arrest warrant for Alissa.[3] Both plaintiffs were later arrested. Relators filed their answer subject to a plea to the jurisdiction pursuant to the TTCA.

About a month after they filed their plea to the jurisdiction, relators filed a motion to dismiss all claims against them. In their motion to dismiss, relators argued that because the plaintiffs' claims were based on their conduct while acting in the scope of their employment with the sheriff's department, they were entitled to dismissal of all claims against them under section 101.106(f) of the TTCA.[4] The trial court heard arguments on the motion to dismiss at a November 29, 2017 hearing. At the end of the hearing, the trial court allowed counsel about a week to file additional briefing.

On March 14, 2018, relators' counsel wrote a letter to the trial court reminding the court it still had not ruled on the motion to dismiss. The next day, plaintiffs wrote a letter to the trial court stating the motion to dismiss could be carried with the case.

---

[3] Plaintiffs' petition does not state why Jose is a party to the suit or the grounds for his arrest. However, in their answer, relators stated Rivera swore out an arrest warrant affidavit for Jose based on the allegation that Jose made a false report to a police officer.

[4] Section 101.106(f) states: "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

In the meantime, plaintiffs sent discovery requests, which relators resisted. Plaintiffs filed motions to compel, and relators filed a motion to stay discovery pending a ruling on their motion to dismiss. The trial court conducted a hearing on the motions on June 27, 2018. At the conclusion of the hearing, the trial court allowed plaintiffs additional time to file a response to the motion to stay discovery. Two days later, plaintiffs filed a request for a trial setting on the September-October docket. On July 9, 2018, the trial court set a docket control conference for July 25, 2018. Two days later, relators filed an objection to the trial setting request, arguing that the trial court should first determine the jurisdictional issue. Following the July 25 scheduling conference, the trial court issued a Scheduling Order and Pre-Trial Instructions.

On August 1, 2018, the trial court notified the parties that jury selection would begin on January 28, 2019; plaintiffs and relators are to designate experts by September 30, 2018 and October 30, 2018, respectively; and the parties must complete all discovery by December 29, 2018.

On August 15, 2018, relators filed their petition for writ of mandamus and a motion asking this court to stay the trial court proceedings pending resolution of the petition. This court granted the stay and requested a response. The plaintiffs filed a response, to which relators replied.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

## ANALYSIS

In their response to relators' petition for writ of mandamus, plaintiffs devote most of their briefing to their argument that relators were not acting within the course and scope of their authority and they contend fact questions exist that must be resolved by the finder of fact. Relators reply that even if this argument is correct—which they do not concede—then the trial court should deny their motion to dismiss. Relators assert the narrow issue before this court is only whether the trial court abused its discretion by refusing to rule on their motion. We agree with relators; therefore, we next address whether relators satisfied their burden to obtain mandamus relief.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

Relators filed their motion to dismiss on July 28, 2017. The trial court conducted a hearing on the motion to dismiss on November 29, 2017. About three and one-half months later, on March 14, 2018, relators wrote a letter to the trial court reminding the court it still had not ruled on their motion. On July 9, 2018, the trial court scheduled a docket control conference, and, a few days later, relators filed an objection arguing the jurisdictional issue must first be determined. On

August 1, 2018, the trial court scheduled jury selection to begin on January 28, 2019. We conclude relators have demonstrated that their motion to dismiss was properly filed and presented to the trial court, was brought to the trial court's attention with a request for a ruling, and the trial court did not rule. Therefore, the only remaining issue is whether the trial court had a reasonable time to act on the motion given the specific circumstances of this case.

A trial court is required to consider and rule upon a properly-filed motion within a reasonable time. *Safety-Kleen Corp.*, 945 S.W.2d at 269. Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *Blakeney*, 254 S.W.3d at 662. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *Id.* We examine a "myriad of criteria" including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *In re Chavez*, 62 S.W.3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding).

At the November 29, 2017 hearing on the motion to dismiss, plaintiffs' counsel did not argue additional time was needed to develop evidence relevant to the resolution of the jurisdictional issue. At the June 27, 2018 hearing on plaintiffs' motion to compel and relators' motion to stay, plaintiffs argued sufficient evidence was adduced at the hearing on the motion to dismiss to show there are disputed facts the trier of fact, at a trial on the merits, should decide. In other words, plaintiffs argued the trier of fact should decide the disputed jurisdictional issue of whether relators were acting within the course and scope of their employment.

Relators have not provided this court with a copy of the trial court's docket or whether there are other judicial and administrative matters that must be addressed first. However, we should "consider the subject matter of the pending motion to be a pivotal factor in our analysis."

*In re First Mercury Ins. Co.*, 13-13-00469-CV, 2013 WL 6056665, at \*5 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (mem. op.) (considering failure to rule on plea to the jurisdiction and motion to dismiss). Here, relators' pending motion to dismiss concerns a "threshold issue" of whether plaintiffs' claims should be brought against the governmental entity. *See id.* (holding relator's "pending plea to the jurisdiction and motion to dismiss concerned threshold issues regarding standing and the trial court's subject matter jurisdiction over the case"); *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (holding subject matter jurisdiction is essential to trial court's power to decide a case). "The Texas Supreme Court has instructed us that jurisdictional determinations should be made 'as soon as practicable.'" *First Mercury Ins.*, 2013 WL 6056665, at \*5 (citing to *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)).

## CONCLUSION

We conclude relators satisfied their burden to establish: (1) their motion to dismiss was properly filed and has been pending for a reasonable time; (2) they requested a ruling on the motion; and (3) the trial court refused to rule. Therefore, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to rule on relators' "Motion to Dismiss" within fifteen days from the date of this opinion.

Marialyn Barnard, Justice