**In re Gregory Mitchell SARKISSIAN.**

**No. 10-07-00360-CR.**

Court of Appeals of Texas,
Waco.

Feb. 6, 2008.

Gregory Mitchell Sarkissian, Huntsville, pro se.

Bill R. Turner, Brazos County District Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

Gregory Mitchell Sarkissian seeks a writ of mandamus compelling Respondent, the Honorable J.D. Langley, Judge of the 85th District Court of Brazos County, to rule on his motion for judgment nunc pro tunc, in which Sarkissian requests pre-sentence jail time credit. The State responds that Sarkissian is not entitled to the relief requested because: (1) he has presented no evidence that Respondent had actual knowledge of his motion; and (2) he is not entitled to the pre-sentence jail time credit which he seeks. We will deny Sarkissian's petition.

A jury convicted Sarkissian of burglary of a habitation in March 1994 and assessed his punishment at eighty years' imprisonment. The Fourteenth Court of Appeals affirmed the conviction in August 1995. *See Sarkissian v. State*, No. 14-94-00395-CR, 1995 WL 490962 (Tex.App.-Houston [14th Dist.] Aug. 17, 1995, no pet.) (not designated for publication). Sarkissian later filed a motion for judgment nunc pro tunc in which he contends that he is entitled to additional pre-sentence jail time

credit. Respondent has not ruled on this motion.

■ Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex.App.-San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252–53 (Tex.App.-Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.-El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

■ Here, there is nothing in the limited record before this Court to establish that Sarkissian has ever requested a ruling on his motion for judgment nunc pro tunc or otherwise called that motion to Respondent's attention. Therefore, we deny Sarkissian's petition for mandamus relief.

Chief Justice GRAY concurs in the result with the following note:

"For the reasons expressed in my dissent to the request for a response dated January 9, 2008, I concur in the denial of Sarkissian's petition for writ of mandamus only without a separate opinion."