# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00550-CV

**In re Vincent Salazar**

ORIGINAL PROCEEDING FROM CALDWELL COUNTY

**M E M O R A N D U M   O P I N I O N**

On September 9, 2010, relator Vincent Salazar filed a petition for writ of mandamus complaining of the trial court's alleged failure to rule on his motion for judgment nunc pro tunc, which claims that Salazar is entitled to jail-time credit of 180 days for time spent in a residential treatment center. According to Salazar, he filed his motion "on or about" August 18.

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail-time credit which has been pending before the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); *In re Sarkissian*, 243 S.W.3d 860, 860-61 (Tex. App.—Waco 2008, orig. proceeding). However, to obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Moreover, merely filing

a motion with a district or trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685.

Salazar has failed to provide us with a copy of the motion, any correspondence to the district court requesting a ruling on the motion, or anything indicating that the district court has refused to rule on the motion. *See* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). As a result, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge, much less whether the motion has been pending for an unreasonable amount of time.

The petition for writ of mandamus is denied without prejudice.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: September 30, 2011

2