**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 28, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00097-CR

_____

### IN RE ORLEAN AYERS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 597938**

---

## M E M O R A N D U M   O P I N I O N

On February 1, 2012, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Shawna L. Reagin, presiding judge of the 176th District Court of Harris County, has failed to rule on his "Objection to State Excluding Relevant DNA Evidence with Order for Testing," filed in the trial court on August 5, 2011.

The record reflects the trial court signed an order to conduct DNA testing on February 1, 2011. Relator filed his objection based on the failure to include "L-2, Plastic

Bag #2" for testing. In his petition, relator complains the trial court has not ruled on his objection.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian,* 243 S.W.3d 860, 861 (Tex.App.-Waco 2008, orig. proceeding); *In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Davidson,* 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004, orig. proceeding); *In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228. Similarly, it is incumbent upon relator to make this showing with respect to the objection made the subject of his request for mandamus relief.

Relator has not met his burden to obtain mandamus relief. *See State ex rel. Young,* 236 S.W.3d at 210. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).