**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 1, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00159-CR

———————

## IN RE CHARLES PATRICK COLEMAN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 989,041**

---

# MEMORANDUM   OPINION

On February 21, 2012, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52.   Relator complains that respondent, the Honorable Jeanine S. Barr, presiding judge of the 182nd District Court of Harris County, has failed to rule on his motion to enter judgment and sentence nunc pro tunc, filed in the trial court on January 9, 2012.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is

a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian,* 243 S.W.3d 860, 861 (Tex.App.-Waco 2008, orig. proceeding); *In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228.

Relator has attached a copy of the motion on which he seeks a ruling but has not established it was filed with the court clerk. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Relator has not established that the motion was properly filed and that the trial court was asked to rule on it but failed to do so.

Relator has not met his burden to obtain mandamus relief. *See State ex rel. Young,* 236 S.W.3d at 210. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).