**Opinion issued June 21, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00499-CR

———————————

## IN RE EUGENE BROUSSARD, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Eugene Broussard, petitioned for writ of mandamus asking that we compel the trial court to rule on his April 20, 2012 motion to enter judgment and sentence nunc pro tunc.[1]

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail-time credit which has been pending before

---

[1] The underlying case is *State of Texas v. Eugene Broussard*, No. 1289627 (230th Dist. Ct., Harris Cnty., Tex.), the Honorable Marc Brown, presiding.

the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004) (per curiam). However, to obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding);*seeIn re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *Sarkissian*, 243 S.W.3d at 861; *Hearn*, 137 S.W.3d at 685.The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.7(a)(1) ("Relator must file with the petition [] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. . . ."). Relator has failed to establish the required elements.

Furthermore, relator's petition is procedurally defective. *See, e.g.*, TEX. R. APP. P. 9.5(a), (d), (e) (requiring proof that copies of documents presented to court for filing were served on all parties to proceeding); TEX. R. APP. P. 52.3(b)–(f) (requiring that petition include table of contents, index of authorities, statement of

case, statement of jurisdiction, and issues presented); TEX. R. APP. P.52.3(h) (requiring that petition include appropriate citations to authorities and to appendix or record materials); TEX. R. APP. P. 52.3(j) (requiring that relator certify he reviewed petition and concluded that every factual statement in petition is supported by competent evidence included in appendix or record); TEX. R. APP. P. 52.3(k) (requiring that appendix include *certified or sworn copy* of any document showing matter complained of) (emphasis added); TEX. R. APP. P. 52.7(a) (requiring relator to file record with petition).

Accordingly, we deny the petition for writ of mandamus. Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).