**Opinion issued July 5, 2012**



**In The**

# Court of Appeals

**For the**

# First District of Texas

————————

**NO. 01-12-00533-CR**

————————

**IN RE ALBERT BEASLEY, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Albert Beasley, seeks to compel the trial court either to set a hearing pursuant to Code of Criminal Procedure article 26.05(g) on his motion to modify the portion of the trial court's judgment of conviction requiring him to reimburse, as court costs, his court-appointed trial counsel's attorney's fees or to "modify and delete reimbursement fees for court appointed attorney."[1]

---

[1] The Honorable Lonnie Cox, Judge of the 56th District Court of Galveston County, Texas, Respondent. The underlying lawsuit is *State of Texas v. Albert Beasley*, No.

Mandamus may issue to compel a trial court to rule on a motion that has been pending before the court for a reasonable period of time. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, the relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *Id.* The mere filing of the motion with the trial court clerk does not equate to a request that the trial court rule on the motion. *Id.* The relator bears the burden of providing a record establishing that his motion has awaited disposition by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator attached a copy of his motion to modify to his petition for writ of mandamus. This motion bears a file-stamped date of May 22, 2012. Relator petitioned this court for mandamus relief on June 8, 2012. Relator presents no evidence that his motion to modify has been pending before the trial court for an unreasonable period of time, that he has requested that the trial court rule on the motion, or that the trial court has refused to rule on the motion. *See Sarkissian*, 243 S.W.3d at 861. We therefore conclude that relator has failed to establish his

10CR2663 (56th Dist. Ct., Galveston Cnty., Tex.).

2

entitlement to a writ of mandamus compelling the trial court to consider and rule on his motion to modify.[2]

Moreover, we also note that relator failed to certify that he has reviewed the petition and concluded that "every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition also does not include a complete list of all parties and counsel, table of contents, index of authorities, statement of the case, statement of jurisdiction, list of issues presented, statement of facts, or "appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(a)–(h).

We deny the petition for writ of mandamus.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do Not Publish. TEX. R. APP. P. 47.2(b).

---

[2] To the extent relator contends that insufficient evidence supports the trial court's decision to require reimbursement of attorney's fees as court costs, we note that the Amarillo Court of Appeals has held that this issue is not reviewable by mandamus. *See In re Braswell*, 310 S.W.3d 165, 170 (Tex. App.—Amarillo 2010, orig. proceeding) ("*Perez* and *Mayer* were direct appeals in which each appellant raised the issue of the sufficiency of the evidence to support an order for the reimbursement of court-appointed attorney's fees. Unfortunately for Relator, he did not appeal at the time he was adjudicated guilty in 2006. The sufficiency of the evidence to support reimbursement is not reviewable by mandamus."). Relator has filed a direct appeal of the underlying conviction, appellate cause number 01-11-00987-CR. In this appeal, he does not challenge the reimbursement requirement contained in the trial court's final judgment of conviction.

3