# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00078-CV

## In re Jeremy J. Hogeda

## ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

## M E M O R A N D U M   O P I N I O N

On February 11, 2014, relator Jeremy J. Hogeda filed a petition for writ of mandamus complaining of the Comal County District Clerk's alleged failure to file Hogeda's motion for judgment nunc pro tunc with the appropriate trial court. Hogeda claims that he is entitled to 262 days of jail-time credit for time spent in custody before his conviction for an unidentified offense. We dismiss the mandamus petition for want of jurisdiction.

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail-time credit that has been pending before the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); *In re Sarkissian*, 243 S.W.3d 860, 860–61 (Tex. App.—Waco 2008, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on such a motion, the relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Merely filing a motion for judgment nunc pro tunc

with a district or trial court clerk does not equate to a request that the trial court rule on the motion. *See id.*

However, to the extent that Hogeda seeks mandamus relief against the district clerk, we have no jurisdiction to grant such relief. This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Hogeda has not demonstrated that issuing mandamus against the district clerk is necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to issue such a writ.

The petition for writ of mandamus is dismissed for want of jurisdiction.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin and Field

Filed: March 20, 2014

2