

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00088-CV

## IN RE WILLIAM PATRICK ALEXANDER

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding William Patrick Alexander seeks mandamus relief against Judge Phillip Vick, an assigned visiting senior judge for Coryell County. Alexander states that Judge Vick has not ruled on pending motions within a "reasonable time." Alexander states that the trial court held a hearing on his cause of action and granted a motion for summary judgment against him because he had not exhausted his administrative remedies, but did not rule on his pending motions. The trial court held another telephone hearing, but again did not rule on the pending motions. The trial court informed Alexander another hearing would be scheduled.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *Sarkissian*, 243 S.W.3d at 861. The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding....").

It appears that some of the pending motions may be moot based upon the trial court's granting of the motion for summary judgment against Alexander. Alexander filed a motion to recuse the previous trial judge, and Judge Vick was assigned the case on November 5, 2012. Judge Vick has held hearings and ruled upon motions in the cause of action. Alexander filed a request to rule upon all pending motions on March 4, 2014. Alexander has not established that his motion has waited disposition for an unreasonable time. We deny the petition for writ of mandamus against Judge Phillip Vick.

In this original proceeding Alexander also seeks mandamus relief against the district clerk. Alexander states that the clerk has failed to properly perform her duties by failing to file motions, failing to record docket entries, and denying him access to information. A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk except to protect or enforce its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). We dismiss Alexander's writ of mandamus against the clerk for want of jurisdiction.


Al Scoggins
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed; petition denied
Opinion delivered and filed April 17, 2014
[OT06]