In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00202-CR**
_____


**IN RE KEVIN EARL WASHINGTON**


**Original Proceeding**
**411th District Court of Polk County, Texas**
**Trial Cause Nos. 21904, 22107, and 22108**


**MEMORANDUM OPINION**

Relator Kevin Earl Washington seeks a writ of mandamus requiring the trial court to sign judgments nunc pro tunc granting additional jail-time credit in three cases. Washington alleges that he filed a motion to correct the amount of jail time credited to him, but the trial court has not ruled on his motion. We deny the petition for a writ of mandamus.

A relator must demonstrate that he is indisputably entitled to mandamus relief. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding). Furthermore, to obtain mandamus relief for the trial court's failure to

1

rule on such a motion, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.). Merely filing a motion with the trial court clerk does not constitute a request that the trial court rule on the motion. *Id*. Additionally, a relator must provide a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* Tex. R. App. P. 52.7(a)(1) (the relator must file with the petition a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding.).

To be entitled to jail-time credit for the time a person is incarcerated before conviction, he must have been incarcerated for the case in which he is ultimately tried and convicted. *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd). Washington has not shown that the trial court failed to award jail-time credit for time that Washington spent in jail for the case. *See generally* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2015). Washington failed to provide copies of the judgments and jail records supporting his alleged entitlement to additional jail-time credit. *See Sarkissian*, 243 S.W.3d at 861; *Mendoza*, 131

2

S.W.3d at 168; see also Tex. R. App. P. 52.7(a)(1). Therefore, Washington has failed to establish that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.


PER CURIAM


Submitted on August 9, 2016
Opinion Delivered August 10, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.