**Denied in Part, Dismissed in Part, and Opinion Filed June 14, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00330-CV

## IN RE KENNETH L. BUHOLTZ, Relator

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51173-2010**

# MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on multiple motions on which relator avers the trial court has refused to rule. Relator also asks this Court to grant a change of venue for the underlying proceeding in order to effectuate rulings on the outstanding motions. After reviewing relator's petition and appendix materials and the real party in interest's first amended response to the petition and appendix materials, we deny the petition in part and dismiss the petition in part.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (internal citations

omitted). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). "The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion." *In re Sarkissian*, 243 S.W.3d at 861.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include proof that relator requested a hearing and/or ruling on the motions or proof the trial court has failed to rule on the motions within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motions were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus as to relator's request for a writ of mandamus directing the trial court to rule on relator's motions. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

As for relator's request for a change of venue, we lack jurisdiction to consider that request. This court's mandamus authority is limited to issuance of writs necessary to enforce the jurisdiction of this Court and issuance of writs against a judge of a district, statutory county, statutory probate county, or county court in our district, or against a judge of a district court acting as a magistrate at a court of inquiry in our district, or against an associate judge of a district or county court appointed by a judge under Chapter 201 of the family code in our district for the judge who appointed the associate judge. TEX. GOV'T CODE § 22.221(a), (b). Assigning a different judge or court to rule on relator's outstanding motions does not fall under that limited jurisdiction. Accordingly, we dismiss relator's request for a change of venue.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190330F.P05