**Denied and Opinion Filed June 17, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00678-CV

## IN RE SHAMELYA ETIER, Relator

**Original Proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02004-D**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Before the Court is relator's petition for writ of mandamus in which relator contends the trial court has not ruled on relator's plea to the jurisdiction. We deny the petition.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). " 'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (internal citations omitted). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243

S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). "The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion." *IN re Sarkissian*, 243 S.W.3d at 861.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the plea to the jurisdiction, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. Moreover, relator avers that the trial court signed a final judgment on April 22, 2019. Relator's appeal of that judgment has been docketed in this Court as cause number 05-19-00502-CV. The trial court implicitly denied any outstanding motions, including relator's plea to the jurisdiction, when it rendered its final judgment. *See Orca Assets, G.P., LLC v. Burlington Res. Oil & Gas Co., L.P.*, 464 S.W.3d 403, 406 (Tex. App.—Corpus Christi 2015, pet. denied).

Based on the record before us, we conclude relator has not shown she is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP.

P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190678F.P05