**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00203-CR**
_____

**IN RE AUBREY ALLEN**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 59951**

**MEMORANDUM OPINION**

Aubrey Allen filed a petition for a writ of mandamus through which he seeks to compel the judge presiding in the Criminal District Court of Jefferson County to consider a motion for judgment nunc pro tunc that Allen claims he filed more than thirty days before he filed his mandamus petition with this Court. The numerous procedural problems with the petition include no service on the trial court judge as the respondent and the State as the real-party-in-interest, as required by the Rules of Appellate Procedure, a failure to include the required contents of the petition under appropriate headings, and a defective certification. *See* Tex. R. App. P. 9.5; 52.2;

1

52.3(a)-(j). However, on our own initiative, we suspend those rules of operation and proceed to a timely disposition of the petition. *See* Tex. R. App. P. 2.

A relator must demonstrate that he is indisputably entitled to mandamus relief. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding). To obtain mandamus relief for the trial court's failure to rule on a motion for judgment nunc pro tunc, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.). Merely filing a motion with the trial court clerk does not constitute a request that the trial court rule on the motion. *Id*.

A mandamus petition must include an appendix that contains a certified or sworn copy of the documents showing the complained of matter. *See* Tex. R. App. P. 52.3(k)(1)(A). The appendix to Allen's petition contains an I-60 inter-office communication concerning the calculation of Allen's release date by the Department of Criminal Justice and a letter from the Board of Pardons and Paroles. Allen failed to include in his appendix a copy of the motion he claims the trial court failed to timely consider and any documents that would demonstrate that a motion is properly before the Criminal District Court of Jefferson County, Texas, and that he brought the motion to the attention of the trial court. *See Sarkissian*, 243 S.W.3d at 861.

2

Additionally, Allen's mandamus petition fails to describe a clerical error in the judgment signed in 1991 in Trial Court Case Number 59951, and he fails to identify any other criminal case against Allen filed in the Criminal District Court of Jefferson County. We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 8, 2020
Opinion Delivered September 9, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.