# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00460-CV

## In re Phillip "Baby Shark" Scott

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Phillip "Baby Shark" Scott, an inmate in the Comal County Jail, has filed a *pro se* petition for writ of mandamus and writ of prohibition identifying as respondents the Comal County District Attorney, the 22nd Judicial District Court, and an "Unknown Grand Jury Foreperson," and complaining of the district court's alleged refusal to rule on *pro se* motions in cause number CR2023-382, including a "Motion to Set-Aside [sic] Indictment" represented to have been served on the district court on July 28, 2023. Scott asks us, inter alia, to "command [the] clerk to fulfill duties." Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

To the extent Scott seeks mandamus relief against the Comal County district clerk or district attorney, or against a grand juror, we have no jurisdiction to grant Scott relief. This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a writ of

mandamus against the district clerk or the district attorney, or against a grand juror, unless necessary to enforce our jurisdiction. *See id.* Scott has not demonstrated that the exercise of our writ power against those persons is necessary to enforce our jurisdiction.

To the extent Scott seeks relief against the district court arising from the court's alleged refusal to respond to Scott's submissions, this Court has jurisdiction to hear that matter, but it is the relator's burden to properly request and establish entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Roberts*, No. 03-12-00513-CV, 2012 Tex. App. LEXIS 7134, at *2 (Tex. App—Austin Aug. 21, 2012, orig. proceeding) (mem. op.); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). "In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief." *Roberts*, 2012 Tex. App. LEXIS 7134, *3 (citing *Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Scott, however, has not provided this Court with any certified or file-stamped copies of his submissions to show that a properly filed motion is pending before the trial court.

Further, to obtain mandamus relief based on a trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *Roberts*, 2012 Tex. App. LEXIS 7134, *2 (citing *In re Sarkissian*,

2

243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). "A relator must show that the trial court received, was aware of, and was asked to rule on the motion." *Id.* (citing *Blakeney*, 254 S.W.3d at 661). In this proceeding, even if we assume that the motion attached to Scott's petition were filed with the district clerk as alleged, Scott has not demonstrated that the motions were brought to the trial court's attention or that the trial court is aware of the motions. "Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Hearn*, 137 S.W.3d at 685.

Finally, Scott appears to assert that he filed his set-aside motion on July 28, 2023, not even two weeks ago. Even assuming that the district court was made aware of the motion at that time, so brief an interval does not ordinarily constitute an unreasonable length of time for a motion to remain pending. *See, e.g.*, *In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (citing *In re Blakeney*, 254 S.W.3d 659, 662–63 (Tex. App.—Texarkana 2008, orig. proceeding)).

Based on the record that Scott has provided, we conclude that he has failed to show his entitlement to mandamus relief. Accordingly, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: August 9, 2023