# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00767-CV

---

### In re William Levi Oliver

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the trial court's alleged failure to adjudicate an uncontested divorce petition that has been pending since April of 2023. He also alleges that he submitted a "Setting Request" to the trial court in September of this year. He asks that we issue a writ of mandamus directing the trial court to adjudicate the pending matter.

It is Relator's burden to request and properly establish entitlement to mandamus relief, including by providing this Court with a sufficient record from which to evaluate his claims. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *2 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.) (denying mandamus relief when relator failed to provide sufficient record); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding"). To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal

duty to rule on his plea to the jurisdiction, (2) he made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not provided us with a file-stamped copy of his original petition, the "Setting Request" referred to above, or a motion for entry of decree with the agreed decree attached. Thus, he has failed to show that a proper filing is pending before the trial court or that the court is aware of the filing and has been asked to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion").

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: November 29, 2023

2