# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00303-CV

**In re Adam Ahmad Noureddine**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Adam Ahmad Noureddine, appearing pro se, has filed a notice of appeal that we construe as a petition for writ of mandamus, in which he complains of the trial court's failure to rule on his motion to dismiss and motion for a speedy hearing. Both motions were filed on March 11, 2024, in response to a motion to adjudicate, in which the State seeks to revoke Noureddine's deferred-adjudication community supervision.

To obtain mandamus relief for a trial court's failure to rule on a properly filed motion, the relator must establish that a ruling on the motion was requested and that the trial court has either refused to rule on the motion or failed to rule within a reasonable time. *In re Whitfield*, No. 03-19-00582-CV, 2020 Tex. App. LEXIS 3353, at *1 (Tex. App.—Austin Apr. 22, 2020, orig. proceeding) (mem. op.) (citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)). Here, the Relator has failed to demonstrate that he brought the motions to the attention of trial court, *see In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that "mere filing of a motion with a trial

court clerk does not equate to a request that the trial court rule on the motion"), and that the motions have been pending for an unreasonable length of time, *see In re Halley*, No. 03-15-00310-CV, 2015 Tex. App. LEXIS 7188, at *2 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (concluding that six-months delay did not constitute unreasonable length of time under "failure to rule" analysis). Accordingly, we deny the petition for writ of mandamus.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: June 27, 2024