

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-24-00262-CR

## IN RE KEVIN BUHL

---

### Original Proceeding

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 95-379-C

---

## MEMORANDUM OPINION

---

Relator Kevin Buhl, an inmate in the Correctional Institutions Division of the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52. In the petition, Relator asks this Court to direct the Honorable Susan Kelly, Judge of the 54th District Court of McLennan County, to rule on the "Motion to Rescind Order to Withdraw Funds" that he filed on March 31, 2023. Relator contends he "has a right to due process to have his motion ruled on."

Relator has the burden to properly request and show entitlement to mandamus relief. *See* TEX. R. APP. P. 52.3. Further, relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In support of his petition, relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.7.

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding). An act is ministerial if the relator can show a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).

A court has a ministerial duty to rule on a properly filed and timely presented motion, although it generally has no ministerial duty to rule a certain way on that motion. *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (orig. proceeding). To obtain mandamus relief for a trial court's refusal to rule on a motion, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The mere filing

of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *Id.*

In support of his petition, Relator attached an unsworn record including a file stamped copy of his "Motion to Rescind Order to Withdraw Funds." Assuming the motion was properly filed, Relator has not demonstrated that it was brought to the trial court's attention or that the trial court was aware of the motion. *See id*.

Relator also attached what appears to be a copy of a letter to Judge Kelly, file stamped March 15, 2024, wherein he states he is "writing to find out the status on a motion that [he] filed with this court on March 31, 2023." Additionally, Relator attached a second letter to Judge Kelly, file stamped May 6, 2024, in which he also asked for the status of his motion to rescind filed March 31, 2023. These unsworn and uncertified copies of correspondence from Relator do not constitute a request for a hearing or a ruling on his motion. We therefore conclude that, based on the record provided, Relator has failed to establish the required elements to show his entitlement to mandamus relief. *See id*.

Furthermore, Relator's petition is procedurally defective. *See, e.g.,* TEX. R. APP. P. 9.5(a), (d), (e) (requiring proof that copies of documents presented to court for filing were served on all parties to proceeding); *id*. R. 52.3(a) (requiring that petition include complete list of parties); *id*. R. 52.3(b)-(c) (requiring that petition include table of contents and index of authorities); *id.* R. 52.3(j) (requiring that relator certify he reviewed petition and

concluded that every factual statement is supported by competent evidence included in appendix or record); *id*. R. 52.3(k) (requiring that appendix include certified or sworn copy of any document showing matter complained of). Accordingly, we deny Relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

STEVE SMITH
Justice

Before Justice Smith,
  Justice Harris, and
  Justice Rose[1]
Petition denied
Opinion delivered and filed January 30, 2025
[OT06]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.