# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00028-CV

---

**In re Demond T. Hardy**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Demond T. Hardy, an inmate in Bell County, has filed a petition for writ of mandamus complaining of the trial court's alleged failure or refusal to rule on a motion for habeas relief and a motion to dismiss certain criminal charges against him that he alleges have been pending for months. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

It is relator's burden properly to request and establish entitlement to such relief, including by providing us with a sufficient record from which to evaluate his claims. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *2 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.) (denying mandamus relief when relator failed to provide sufficient record); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding"). To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal duty to rule on his plea to the jurisdiction, (2) he made a demand for the trial

court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Relator has not provided us with a file-stamped copy of his allegedly pending motions. Thus, he has failed to show that a proper filing is pending before the trial court or that the court is aware of the filing and has been asked to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion"). Moreover, even had relator provided us with a such a record, he has not shown that his motions have been pending for an unreasonable amount of time. *See Chavez*, 62 S.W.3d at 228–29 (explaining that "no bright line demarcates the boundaries of a reasonable time period" and scope of "reasonable time period" depends upon multiple criteria, including the trial court's "overt refusal to act on [the plea], the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.

So too must the trial court's inherent power to control its own docket be factored into the mix." (citations omitted)); *see also In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015) (orig. proceeding) (mem. op.) (concluding that delay of less than six months did not constitute unreasonable length of time under "failure to rule" analysis); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable).

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

2

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed:   January 31, 2025