# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00115-CV

---

**In re Quinten L. Brown**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Quinten L. Brown, an inmate in Bell County, has filed a petition for writ of mandamus complaining of the trial court's alleged failure or refusal to rule on a motion for habeas relief that he alleges has been pending since October of 2024. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

It is relator's burden properly to request and establish entitlement to mandamus relief, including by providing us with a sufficient record from which to evaluate his claims. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *2 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.) (denying mandamus relief when relator failed to provide sufficient record); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding"). To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal

duty to rule on his motion, (2) he made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Relator has not provided us with a file-stamped copy of his allegedly pending motion. Thus, he has failed to show that a proper filing is pending before the trial court or that the court is aware of the filing and has been asked to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.— Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion"). Moreover, even had relator provided us with a such a record, he has not shown that his motion has been pending for an unreasonable amount of time, alleging only that the motion has been pending since October of 2024, or less than five months at most. *See, e.g.*, *In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.— Austin July 14, 2015) (orig. proceeding) (mem. op.) (concluding that delay of less than six months did not constitute unreasonable length of time under "failure to rule" analysis); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable).

Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed:  February 21, 2025