# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00256-CV

---

**In re Thomas Holman**

---

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Thomas Holman, an inmate in the Williamson County Jail, has filed an ambiguously captioned pro se appellate submission with this Court entitled "Habeas Corpus[;] Writ of Mandamus." Although the precise nature of the relief sought could be clearer, his principal complaint appears to be the trial court's alleged failure or refusal to rule on a long-pending motion for speedy trial. For the reasons discussed herein, we treat the submission as a petition for writ of mandamus and deny the petition. *See* Tex. R. App. P. 52.8(a).

To the extent Holman's submission may be construed as an original application for habeas corpus, we lack jurisdiction to grant relief. As an intermediate appellate court, this Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil

case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). Rather, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

Insofar as relator seeks mandamus relief from the trial court's alleged failure to act on relator's motion for a speedy trial, it is his burden properly to request and establish entitlement to such relief, including by providing us with a sufficient record from which to evaluate his claims. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016) (holding that failure to provide sufficient appellate record precludes appellate review); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding"). To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal duty to rule on his motion for speedy trial, (2) he made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not provided us with a file-stamped copy of his motion. Thus, he has failed to show that a proper filing is pending before the trial court or that the court is aware of the filing and has been asked to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion").

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed: April 30, 2025

3