# Court of Appeals
## Tenth Appellate District of Texas

10-25-00161-CR

In re Willie Otis Harris

Original Proceeding

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Relator Willie Otis Harris filed a pro se petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52. In the petition, Relator asks this Court to direct the Honorable Grace Pandithurai, Judge of the 443rd District Court of Ellis County, to "expedite this court proceeding" and/or to rule on his "motions for suppression of evidence filed that have not been answered."

Relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7. To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re McCann,* 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). An act is ministerial if the relator

can show a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute. *Id.*

A court has a ministerial duty to rule on a properly filed and timely presented motion, although it generally has no ministerial duty to rule a certain way on that motion. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To obtain mandamus relief for a trial court's refusal to rule on a motion, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *Id.*

Relator did not provide a record or appendix in support of his petition for writ of mandamus. *See* TEX. R. APP. P. 52.7(a); *id.* R. 52.3(k). We have no evidence before us to determine whether the complained-of motions were properly filed and have been pending for a reasonable time or whether Relator requested a ruling on the motions that the trial court ignored or refused. *See In re Sarkissian*, 243 S.W.3d at 861. Furthermore, Relator's petition suffers from several other procedural deficiencies. *See* TEX. R. APP. P. 9.5(a), (d), (e)

(requiring proof that copies of documents presented to the court for filing were served on all parties to the proceeding); *id.* R. 52.3(a) (requiring that the petition include a complete list of parties); *id.* R. 52.3(b)-(c) (requiring that the petition include a table of contents and index of authorities); *id.* R. 52.3(e) (requiring a statement explaining the basis of the court's jurisdiction); *id.* R. 52.3(j) (requiring that relator certify he reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record).

Accordingly, we deny Relator's petition for writ of mandamus.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: June 5, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Denied
Do not publish
OT06

