

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00315-CR

---

In re Rocio Berreth, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Rocio Berreth, a self-represented party, has filed a petition for writ of mandamus asking this Court to compel the Honorable Selena N. Solis, Judge of the 243rd District Court of El Paso County, Texas, to rule on items Berreth describes as "multiple properly served and timely motions . . . including a Motion to Dismiss for Lack of Evidence, No Probable Cause, and No Identified Accusers, and a Special Appearance and Objection to Jurisdiction."[1] Attached to

---

[1] The underlying cause in the trial court is docketed as cause number 20240D01882. The State is the Real Party in Interest.

Berreth's petition are copies of two motions, one filed on August 21, 2025, and the other on October 29, 2025.

To be entitled to mandamus relief, a relator must show that (1) she has no adequate remedy at law to redress her alleged harm, and (2) what she seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel a court to act. *In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1 (Tex. App.—El Paso Nov. 22, 2019, orig. proceeding) (not designated for publication). Even so, a trial court is not required to consider a motion that has not been called to its attention by proper means. *Id.* Thus, to establish entitlement to mandamus relief on a failure to rule claim, a relator must show: (1) the trial court had a legal duty to rule on a motion; (2) was asked to rule on the motion; and (3) it failed or refused to rule on the motion within a reasonable time. *Id.* We conclude in this instance that Berreth has failed to establish the latter two requirements.

Although the mandamus record shows Berreth filed two motions in the trial court, it lacks proof showing these motions were properly brought to the attention of the trial court. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion"). Additionally, given that the earliest motion was filed on August 21, 2025, or within the past three months, the record also fails to show they have remained pending for an unreasonable length of time. *See In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *1 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (concluding that six-months delay did not

2

constitute unreasonable length of time under "failure to rule" analysis); *see also In re Harris*, 2019 WL 6242315, at *2 (stating there is no bright-line rule to assess reasonableness and that relator did not establish the trial court failed to act within a reasonable period of time under the circumstances).

Accordingly, we deny the petition for writ of mandamus. We dismiss any pending motion as moot.

GINA M. PALAFOX, Justice

November 26, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)