# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00589-CV

---

### In re Mark Douglas

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Mark Douglas, an inmate proceeding pro se, has filed a petition for writ of mandamus asking this Court to compel the Honorable Brenda Kennedy, presiding judge of the 403rd Judicial District Court of Travis County, to rule on a motion to compel his trial counsel to release his client file. Douglas asserts that the motion had been filed and presented to the district court on December 5, 2019 and that the matter remained pending as of July 30, 2020.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is relator's burden to show that he is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Thus, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Here, Douglas has failed to provide this Court with a copy of his motion or any documentation demonstrating that the district court received, was aware of, and was asked but refused to rule on the motion. *See In re Lucio*, No. 03–12–00056-CV, 2012 WL 593533, at *2 (Tex. App.—Austin Feb. 23, 2012, orig. proceeding) (mem. op.) (denying mandamus relief where relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything indicating district court refused to rule on motion). Additionally, a trial court has no duty to rule on "free-floating" motions that are unrelated to any pending action before it, and Douglas has failed to show that his motion was related to any pending action before the district court. *See In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief where trial court's plenary power over relator's criminal case had expired and, consequently, trial court had no duty to rule on motion seeking to compel relator's former attorney to return client file). For these reasons, we cannot conclude that Douglas has shown himself entitled to mandamus relief.

We deny the petition for writ of mandamus.

 

 

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Filed:   December 23, 2020