# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00401-CV

**In re James Thompson**

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

## M E M O R A N D U M   O P I N I O N

Relator James Thompson, an inmate in Bastrop County, has filed a pro se submission with this Court complaining of the trial court's alleged failure or refusal to respond to his written request for a speedy trial for more than two years. We treat the submission as a petition for writ of mandamus and deny the petition. *See* Tex. R. App. P. 52.8(a).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.—Texarkana 2008, no pet); *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for

relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix). When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time. *In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (citing *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding)).

Thompson has failed to provide this Court with a record or a certified or file-stamped copy of any submission allegedly pending before the trial court, so there is no way for us to determine when or even if the motion for speedy trial was filed properly in the court below. Indeed, it is unclear from Thompson's petition whether he even claims to have properly filed a motion for the relief sought, as he claims to have "invoked [his] right to a speedy trial by way of two letters," one to "the clerk of the Bastrop County Courthouse," and the other to his "attorney at the time." Thus, he has failed to show that a proper filing is pending before the trial court or that the court is aware of the filing and has been asked to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion").

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

2

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Filed:   July 17, 2025