**Opinion filed August 29, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00096-CV

_____

## IN RE SEAN DWAIN MARTIN

## Original Proceeding

## MEMORANDUM OPINION

Relator, Sean Dwain Martin, has filed a petition for writ of mandamus in this court requesting that we order the respondent, Honorable Sara Kate Shock, the presiding judge of the 446th District Court of Ector County, Texas, to rule on his pending motions. The underlying suit began in 2015 when the trial court ordered Relator to pay child support. On March 3, 2025, Relator filed a pro se petition to dismiss his child support case, along with additional motions from March 3 to April 14. We deny Relator's petition for writ of mandamus.

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig.

proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019); *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time period within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period has elapsed is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

We first note that Relator's filings with this court do not include file-stamped copies of his pending motions. It is the relator's burden to provide the reviewing court with a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Pentland*, No. 03-22-00717-CV, 2023 WL 307476, at *1 (Tex. App.—Austin Jan. 19, 2023, orig. proceeding) (mem. op.). Rule 52 of the Texas Rules of Appellate Procedure requires that a petition for mandamus be accompanied by "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," *and* "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7. To establish an abuse of discretion for a

trial court's failure to rule, Relator must show that: (1) the trial court had a legal duty to rule on his motions; (2) he made a demand for the trial court to rule; and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Because Relator has not provided us with file-stamped copies of his pending motions, he has failed to demonstrate that proper filings are pending before the trial court. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mandamus record failed to establish that relator requested ruling or called motion to trial court's attention).

Furthermore, assuming Relator properly filed said motions and requested rulings thereon, he has failed to demonstrate that the trial court failed or refused to rule within a reasonable time. A reasonable time to rule depends upon "a myriad of criteria," such as the trial court's actual knowledge of the motions, its overt refusal to act thereon, the state of the court's docket, and whether any other matters which must be addressed first exist. *Chavez*, 62 S.W.3d at 228–29. "So too must the trial court's inherent power to control its own docket be factored into the mix." *Id.* For example, courts have considered periods such as thirteen months and eighteen months as clearly too long, thereby supporting mandamus relief. *See In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding); *cf. In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (determining that six-month delay in ruling would not be unreasonable). Here, we cannot say that a delay of approximately five months constitutes an

unreasonable length of time.[1]  Relator has thus failed to show that he is entitled to mandamus relief.

Accordingly, Relator's petition for writ of mandamus is denied.  All pending motions in this proceeding are denied or otherwise overruled.


W. STACY TROTTER

JUSTICE


August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We nevertheless encourage Judge Shock to rule on any pending motions properly filed by Relator at the earliest possible date.